# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS, | CASE NO. 1:10-cv–01699-AWI-BAM PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| JOSE MASIEL, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.     Screening Requirement**

Plaintiff Kevin Fields is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed September 17, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation. The complaint alleges that on November 9, 2007, while moving Plaintiff to a different facility Defendants Masiel, Aguirre, and Hernandez confiscated his medically prescribed pillows. The pillows has been approved due to a surgical repair to Plaintiff's neck. When Plaintiff reminded Defendants that he had a medical chrono for the pillows, Defendant Masiel stated that he did not care about the chrono and the pillows were not leaving his unit. Plaintiff stated that he would file a complaint and Defendant Masiel told Plaintiff that the reason he wasn't being allowed to take the pillows was because he filed staff complaints. Defendant Hernandez told Plaintiff to file a staff complaint and Defendant Aguirre just stood there shaking his head in agreement.

Plaintiff's allegations that Defendants Masiel, Aguirre, and Hernandez confiscated his medically prescribed pillows and refused to allow him to take them to his new unit because he filed staff grievances is sufficient to state a cognizable claim for retaliation in violation of the First Amendment. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

However, Plaintiff fails to state a cognizable claim for a violation of the Eighth Amendment.

1  Liability under section 1983 exists where a defendant "acting under the color of law" has deprived
2  the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane
3  County, 222 F.3d 570, 574 (9th Cir. 2000).  To prove a violation of the Eighth Amendment the
4  plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make
5  a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health
6  or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate
7  indifference requires a showing that "prison officials were aware of a "substantial risk of serious
8  harm" to an inmates health or safety and that there was no "reasonable justification for the
9  deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).
10 Plaintiff's complaint does not allege facts to show that he was at a substantial risk of harm from the
11 confiscation of his pillows or that Defendants Masiel, Aguirre, and Hernandez were aware of a risk
12 of harm.  Thomas, 611 F.3d at 1150.

13       In addition to money damages, Plaintiff seeks a declaration that his rights were violated.  "A
14 declaratory judgment, like other forms of equitable relief, should be granted only as a matter of
15 judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village,
16 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful
17 purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford
18 relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759
19 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a
20 verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were
21 violated.  Accordingly, a declaration that Defendants Masiel, Aguirre, and Hernandez violated
22 Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

23 **III.    Conclusion and Order**

24       Plaintiff's complaint states a cognizable claim against Defendants Masiel, Aguirre, and
25 Hernandez for retaliation in violation of the First Amendment, but does not state any other claims
26 for relief under section 1983.  The Court will provide Plaintiff with the opportunity to file an
27 amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809
28 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Masiel, Aguirre, and Hernandez on the First Amendment claim, Plaintiff may so notify the Court in writing. The Eighth Amendment claims will then be dismissed for failure to state a claim. Plaintiff will then be provided with three summonses and three USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Masiel, Aguirre, and Hernandez.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Masiel, Aguirre, and Hernandez on the First Amendment claim; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 28, 2011**               /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE