# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE MASIEL, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv–01699-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 25, 26, 27, 30.)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.      Procedural History**

Plaintiff Kevin Fields is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed September 17, 2010, against Defendants Masiel, Aguirre, and Hernandez for retaliation in violation of the Eighth Amendment. (ECF No. 17.) On May 16, 2012, Defendants filed a motion to dismiss for failure to exhaust administrative remedies. (ECF No. 25.) Plaintiff filed an opposition on June 4, 2012, and Defendants filed a reply on June 11, 2012. (ECF Nos. 26, 27.)

In light of the decision in Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012), Plaintiff was provided with notice of the requirements for opposing a motion to dismiss on July 12, 2012, and granted thirty days in which to withdraw his opposition and file an amended opposition. (ECF Nos. 28, 29.) On July 23, 2012, Plaintiff filed a notice stating that he would stand on his previously filed opposition. (ECF No. 30.)

## II. Complaint Allegations

Plaintiff alleges that on November 9, 2007, while being moved to a different facility, Defendants Masiel, Aguirre, and Hernandez confiscated his pillows that had been medically prescribed due to a neck surgery. When Plaintiff told the Defendants that he had a medical chrono for the pillows, Defendant Maciel stated that the pillows were not leaving his unit because Plaintiff filed staff complaints. Defendant Hernandez told Plaintiff to file a staff complaint ;and Defendant Aguirre just stood there shaking his head in agreement.

## III. Motion to Dismiss

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). At the time relevant to this action, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

**B.    Discussion**

Defendants contend that, although Plaintiff filed an inmate appeal regarding the incident alleged in the complaint, he did not pursue the appeal beyond the first level of review, and therefore failed to exhaust his administrative remedies. (Memorandum of Points and Authorities in Support of Motion to Dismiss 4, ECF No. 25-1.) Plaintiff opposes the motion on the ground that he received the relief he was requesting when his appeal was granted at the first level; and his appeal was exhausted. (Opp. 7, ECF No. 26.) Defendants reply that Plaintiff's appeal was only partially granted as Plaintiff did not receive the monetary relief he was seeking. (Reply to Plaintiff's Opposition 2, ECF No. 27.) Additionally, Defendants argue that even if Plaintiff's appeal had been granted he would still be able to receive additional relief such as having Defendants no longer assigned to areas in which Plaintiff was housed. (Id. at 3.)

An inmate is required to pursue the administrative remedy process as long as some action can be taken in response to his grievance. Booth v. Churner, 532 U.S. 731, 738-39, 121 S. Ct. 1819 1823-24 (2001); Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). Once an inmate has received all the relief that is available or is informed that no further remedies are available, he does not need to further exhaust administrative remedies. Valoff, 422 F.3d at 935. It is defendant's burden to prove that some relief is still available. Id. at 936. Relevant evidence to show that remedies continue to be available would be "statutes, regulations, and other official directives that explain the

3

1  scope of the administrative review process; documentary or testimonial evidence from prison
2  officials who administer the review process; and information provided to the prisoner concerning
3  the operation of the grievance process." Id. at 937.

4      On November 26, 2007, Plaintiff submitted inmate appeal no. 07-5850, in which he grieved
5  that Correctional Officers Jung, Hernandez, Maciel, and Aguirre confiscated his medically
6  prescribed pillows as retaliation for Plaintiff exercising his First Amendment rights.  Plaintiff
7  requested that he be provided with three pillows, the correctional officers stop retaliating against him
8  for filing inmate appeals, and monetary damages. (Inmate Appeal, Exhibit 39, p. 4, ECF No. 25-7.)
9  Correctional Sergeant Morrison interviewed Plaintiff on January 21, 2008, and the appeal was
10 partially granted for returning the pillows and not retaliating against Plaintiff for filing the appeal.
11 (Id. at 6.)

12     Defendants appear to concede that Plaintiff would not be able to obtain monetary damages
13 through the administrative remedies process.  Defendants do not submit any evidence to show that
14 there were further remedies available to Plaintiff, but argue that Plaintiff could still obtain relief such
15 as having Defendants no longer staff areas where Plaintiff is housed. (ECF No. 27 at 3.)  The first
16 level appeal granted Plaintiff's request that Defendants not retaliate against Plaintiff for filing his
17 inmate appeal. (Id.).  Additionally, the appeal response does not include any language advising
18 Plaintiff that he would need to further pursue his appeal in order to exhaust his administrative
19 remedies.  Plaintiff had requested that his pillows be returned and Defendants not retaliate against
20 him for filing grievances and these requests were granted.  Since the only relief which Plaintiff could
21 receive under the administrative review process had already been granted, Plaintiff was no longer
22 required to pursue his appeal to exhaust administrative remedies.  Defendants have failed to meet
23 their burden of showing that Plaintiff did not exhaust administrative remedies; and the motion to
24 dismiss should be denied.

25 **IV.     Conclusion and Recommendation**

26     Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants'
27 motion to dismiss for failure to exhaust administrative remedies, filed May 16, 2012, be denied on
28 the ground that Plaintiff exhausted those remedies that were available to him through the

1  administrative remedy process.  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).

2      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **October 15, 2012**              /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE