# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS, | CASE NO. 1:10-cv–01699-AWI-BAM PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| JOSE MASIEL, et al., | (ECF Nos. 26, 26, 27, 30, 31, 38) |
| Defendants. | |

Plaintiff Kevin Fields is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 15, 2012, the Magistrate Judge filed a Findings and Recommendations that was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On November 28, 2012, Defendants filed an Objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)©, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

As explained more fully by the Magistrate Judge, the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

1 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and
2 regardless of the relief offered by the process.  Booth v. Churner, 532 U.S. 731, 741 (2001).
3      In the objections, Defendants contend that even though his appeal was granted at the first
4 level Plaintiff did not conclude the exhaustion process because prison officials could have taken
5 some additional action in response to Plaintiff's appeal.  The only relief not granted was
6 monetary relief, which all parties agree was not available.  Defendants argue prison officials
7 could have afforded Plaintiff additional relief had he filed additional appeals.   The court finds
8 Defendants' objections are not persuasive in light of Harvey v. Jordan, 605 F.3d 681 (9th Cir.
9 2010), and other recent Ninth Circuit authority.
10      The Ninth Circuit has held that a prisoner is "not required to 'exhaust further levels of
11 review once he [had] . . . been reliably informed by an administrator that no remedies are
12 available,'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam) (quoting
13 Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005)).  In Harvey, the Ninth Circuit explained:

>      . . . . An inmate has no obligation to appeal from a grant of relief, or a
> partial grant that satisfies him, in order to exhaust his administrative remedies.
> Nor is it the prisoner's responsibility to ensure that prison officials actually
> provide the relief that they have promised.
>      That [the plaintiff] initially requested alternative forms of relief does not
> change our analysis. Once the prison officials purported to grant relief with which
> [the plaintiff] was satisfied, his exhaustion obligation ended.  [The plaintiff's]
> complaint had been resolved, or so he was led to believe, and he was not required
> to appeal the favorable decision. Were we to reach the contrary conclusion, any
> prisoner who expressed his willingness to accept more than one form of
> relief-demonstrating a flexibility that increases the likelihood of an outcome
> satisfactory to both the prisoner and the prison officials - would have no recourse
> when prison officials purported to grant one of those alternative forms of relief,
> but then failed to implement their decision.

Harvey, 605 F.3d at 685 (internal cites omitted).

     In his grievance, Plaintiff notified prison officials that officers had confiscated his medically prescribed pillows as retaliation for filing inmate grievances.  Plaintiff requested the return of the pillows, that correctional officers stop retaliating against him, and monetary damages.  This appeal notified prison officials of the problem at issue in this action.  As found by the Magistrate Judge, this appeal was partially granted, and Plaintiff received all available relief requested – the prescribed pillows were returned and Plaintiff was told there would be no

1  retaliation.  Plaintiff clearly received a favorable determination at the first level of review.  This
2  is sufficient to have exhausted Plaintiff's administrative remedies.  See, e.g., Coats v. Fox, 481
3  Fed.Appx. 390, 391, 2012 WL 4357872, at *1 (9th Cir. 2012) (finding that a "fully granted"
4  appeal to give medical care exhausted remedies); Glover v. Evans, 424 Fed.Appx. 694, 2011 WL
5  1113269, at *1 (9th Cir. 2011) (prison's granting of grievance in part at the first level satisfied
6  exhaustion);  Harvey, 605 F.3d at 685 (finding receipt of the partial grants to appeals qualified as
7  exhausting the available administrative remedies); Douglas v. Banks, 2011 WL 1576770, at * 5,
8  C 09–3191 LHK (PR) (N.D.Cal.,2011) (defendants failed to show lack of exhaustion because
9  plaintiff received the relief he had requested); Agnes v. Joseph, 2011 WL 4352843, *4 (E.D.Cal.
10 Sep 16, 2011) (NO. 1:10-CV-00807-LJO) (same); Jones v. Pleasant Valley State Prison, 2010
11 WL 2197655, at *4, 1:01-CV-05287-AWI-SMS PC (E.D.Cal. 2010) (partial grant of informal
12 appeals satisfied exhaustion requirement).  Defendants' position that Plaintiff needed to continue
13 with the appeals process because some possible additional unrequested relief might be given is
14 not supported by the Ninth Circuit's current interpretation of  42 U.S.C. § 1997e.

15      Accordingly, IT IS HEREBY ORDERED that:
16      1.    The Findings and Recommendations, filed October 15, 2012, is adopted in full;
17      2.    Defendants' Motion to Dismiss, filed May 16, 2012, is DENIED; and
18      3.    Within thirty days from the date of service of this order, Defendants shall file an
19          answer to the complaint.
20  IT IS SO ORDERED.

21
22  Dated:     December 21, 2012

                              UNITED STATES DISTRICT JUDGE