UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSE MASIEL, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01699-AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULE  (ECF No. 57)<br><br>ORDER DENYING DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS AS MOOT (ECF No. 55) |

**I.　　Background**

Plaintiff Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Masiel, Aguirre, and Hernandez for retaliation in violation of the First Amendment.

Currently pending before the Court are (1) Defendants' motion to compel responses to interrogatories, requests for admissions, and requests for production of documents filed on September 16, 2013; and (2) Defendants' motion to modify the schedule filed on September 17, 2013.  (ECF Nos. 55, 57.)  Plaintiff did not file any opposition and the motions are deemed submitted.  Local Rule 230(l).

**I.     Motion to Modify Schedule**

On January 23, 2013, the Court issued a Discovery and Scheduling Order. Pursuant to that order, discovery closed on September 23, 2013, and the deadline to file dispositive motions ended on December 2, 2013. (ECF No. 44.)

On September 16, 2013, prior to expiration of the discovery deadline, Defendants filed a motion to compel written responses to Defendants' discovery requests. (ECF No. 55.) Shortly thereafter, on September 17, 2013, Defendants filed the instant request to modify the scheduling order to (1) vacate the discovery deadline pending resolution of the pending motion to compel; and (2) vacate and reset, if necessary, the dispositive motion deadline. Defendants additionally requested that—if the Court declined to grant Defendants' anticipated dispositive motion—discovery be reopened for the limited purpose of permitting Defendants to take Plaintiff's deposition in preparation for trial. (ECF No. 57-1.) After the filing of the instant motions, Plaintiff responded to Defendants' written discovery requests. As a result, Defendants filed a motion to compel further responses to discovery on December 2, 2013. (ECF No. 60.) On December 26, 2013, Plaintiff filed a related discovery motion. (ECF No. 61.)

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Here, the Court finds good cause to modify the Discovery and Scheduling Order for the purpose of extending the discovery and dispositive motion deadlines. Based on the pending discovery motions, the discovery and dispositive motions cannot be met despite Defendants' apparent diligence.

At this time, the discovery deadline shall be extended to February 28, 2014, solely to allow for resolution of the pending discovery motions. The Court shall address the pending motions in due course. The corresponding dispositive motion deadline shall be extended to April 28, 2014.

Defendants also have requested that discovery remain open to allow for the deposition of Plaintiff in the event Defendants' anticipated dispositive motion is denied. Defendants explain that Plaintiff's deposition is not necessary for their dispositive motion, but likely would be necessary if this matter proceeds to trial. The Court declines Defendants' invitation to leave discovery open for this purpose. However, if Defendants' anticipated dispositive motion is denied, Defendants shall not be precluded from moving to reopen discovery for the limited purpose of conducting Plaintiff's deposition.

## II. Motion to Compel Responses to Interrogatories, Requests for Admissions and Requests for Production of Documents

On July 26, 2013, Defendants Aguirre, Masiel, and Jung-Hernandez served their first set of requests for production of documents and requests for admissions; and Defendants Aguirre and Masiel served their first sets of interrogatories. Based on Plaintiff's failure to submit timely discovery responses, Defendants filed a motion to compel Plaintiff to provide responses on September 16, 2013. (ECF No. 55.) Before the Court ruled on the motion to compel, however, Plaintiff served responses to Defendants' discovery requests on November 5, 2013. Thereafter, on December 2, 2013, Defendants moved for an order compelling further responses to their discovery requests. (ECF No. 60.) As Plaintiff filed a written response, albeit untimely, to Defendants' discovery requests, the motion to compel is no longer necessary and shall be denied as moot.

## III. Conclusion and Order

Based on the above, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the schedule is GRANTED:
2. The discovery motion deadline is extended to February 28, 2014, solely to allow for resolution of the pending discovery motions;
3. The dispositive motion deadline shall be extended to April 28, 2014;
4. Defendants shall not be precluded from moving to reopen discovery for the limited purpose of deposing Plaintiff in the event that their anticipated dispositive motion is denied; and

5. Defendants' motion to compel responses to interrogatories, requests for admissions, and requests for production of documents, filed on September 16, 2013, is DENIED as moot.

IT IS SO ORDERED.

Dated: **January 16, 2014**         /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE