1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11   KEVIN E. FIELDS,                          )   Case No.: 1:10-cv-01699-AWI-BAM (PC)
                                                )
12                   Plaintiff,                 )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                                )   AN ORDER DIRECTING CDCR/CSP-
13          v.                                  )   CORCORAN MEDICAL RECORDS OFFICE TO
                                                )   PROVIDE PLAINTIFF WITH A COPY OF HIS
14   JOSE MASIEL, et al.,                       )   MEDICAL RECORDS MATERIAL TO THIS
                                                )   ACTION (ECF No. 61)
15                   Defendants.                )
                                                )
16                                              )   ORDER GRANTING IN PART AND DENYING IN
                                                )   PART DEFENDANTS' MOTION TO COMPEL
17                                              )   FURTHER RESPONSES (ECF No. 60)
                                                )
18                                              )   THIRTY-DAY DEADLINE
                                                )
19   _____ )

20

21          **I.      Background**

22          Plaintiff Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma

23   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against

24   Defendants Masiel, Aguirre and Hernandez for retaliation in violation of the First Amendment.

25          On July 26, 2013, Defendants Masiel, Aguirre and Hernandez served their first set of requests

26   for production of documents and requests for admissions; and Defendants Aguirre and Masiel served

27   their first sets of interrogatories.  On November 5, 2013, Plaintiff served responses to Defendants'

28   discovery requests.

                                                1

On December 2, 2013, Defendants filed the instant motion to compel further responses to the discovery propounded on Plaintiff.  (ECF No. 60.)  Plaintiff did not file a timely opposition to the motion.  Instead, Plaintiff filed a motion for an order directing CDCR/CSP-Corcoran Medical Records Office to provide Plaintiff with a copy of his medical records and asking the Court to defer ruling on Defendants' motion to compel further responses to discovery.  (ECF No. 61.)  Defendants opposed Plaintiff's motion on January 15, 2014.  (ECF No. 62.)   The motions are deemed submitted.  Local Rule 230(l).

## II.    Motion for an Order Directing CDCR/CSP-Corcoran Medical Records to Provide Plaintiff with a Copy of his Medical Records

By the instant motion, Plaintiff requests that the Court direct the CDCR/CSP-Corcoran Medical Records Office to provide him with a copy of his medical records material to this action. Plaintiff acknowledges receipt of Defendants' July 2013 discovery requests, but claims that he cannot respond without first receiving copies of his medical records.  Plaintiff reports that he sent several requests for copies of documents responsive to Defendants' discovery requests, but the CDCR/CSP-Corcoran Medical Records Office failed or refused to honor his requests.  (ECF No. 61.)  Plaintiff asks the Court to intervene and to defer ruling on Defendants' pending motion to compel further responses to discovery.  (ECF No. 61.)

Defendants oppose the motion on several grounds.  First, Defendants note that they served their discovery requests on July 26, 2013, and Plaintiff had sufficient time to request the records and provide complete responses to the discovery requests.  Second, Defendants indicate that under prison policies and procedures (Department Operations Manual, Art. 52, §§ 54090.1-54090.4.4), Plaintiff is permitted to inspect and review his medical file upon request.  However, Plaintiff has not presented any evidence to show that he properly requested and had been denied access to his medical file.   As a final matter, Defendants contend that CSP-Corcoran is not a party to this lawsuit and therefore cannot be compelled to comply.

Plaintiff's motion shall be denied.  First, Plaintiff has not provide evidence or a declaration signed under penalty of perjury indicating that he properly requested access to his medical files and was thereafter denied.  (ECF No. 61, p. 2.)  Second, Plaintiff has not explained why he waited nearly

six months, until January 2014, to seek Court intervention after admitting to being served with Defendants' discovery requests in July 2013. Indeed, Plaintiff neither offers reasons for his delay nor states why he did not seek an extension of the relevant discovery deadline in order to provide a timely response. Third, and finally, the Court cannot order CDCR/CSP-Corcoran to provide Plaintiff with his medical records. As pointed out by Defendants, CDCR/CSP-Corcoran is not a party to this action and the Court is unable to issue an order against non-parties to the pending action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).

### III. Motion to Compel Further Responses

On July 26, 2013, Defendants Masiel, Aguirre and Hernandez served their first set of requests for production of documents and requests for admissions; and Defendants Aguirre and Masiel served their first sets of interrogatories. Pursuant to the Discovery and Scheduling Order issued on January 23, 2013, Plaintiff's responses to all sets of discovery were due on or before September 9, 2013. However, Plaintiff did not submit responses to Defendants' discovery requests until November 5, 2013. Defendants now seek to compel further responses to their discovery requests.

### 1. Requests for Admissions

Defendants contend that the Requests for Admission served on Plaintiff should all be deemed admitted due to Plaintiff's failure to provide a timely response. Federal Rule of Civil Procedure 36 provides that the failure to timely respond to requests for admissions will result in the matter being deemed admitted. See Fed. R. Civ. P. 36(a)(3); O'Bryant v. Allstate Ins. Co., 107 F.R.D. 45, 48 (D. Conn. 1985). No motion is necessary because Rule 36(a) is self-executing. Id.

Here, Defendants served their request for admissions on July 26, 2013, and Plaintiff's response was due on September 9, 2013. Plaintiff did not serve a response to the Requests for Admission until November 5, 2013. (ECF No. 60-2, Exhibit A.)

If a party wishes to withdraw an admission, that party is required to file a motion. Fed. R. Civ. P. 36(b). However, in the interest of judicial economy, the Court will construe Plaintiff's late submission of his responses to the requests for admission as a motion to withdraw the prior admissions. Plaintiff clearly intended to submit responses to the Requests for Admission, albeit late.

3

Rule 36(b) of the Federal Rules of Civil Procedure provides as follows:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.  An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b).

If upholding the admission would eliminate presentation of the merits of the action, then allowing withdrawal of the admission would promote the presentation of the merits and satisfy the first prong of the test. Fed. R. Civ. P. 36(b); see Conlon v. United States, 474 F.3d 616, 622 (9th Cir.2007) (citing Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir.1995)).  The Court finds that withdrawal of the admissions would promote presentation of the merits of this action as specific admissions relate directly to questions at issue in this action, including whether Plaintiff sustained any injuries as result of Defendants' actions.

If the party relying on the admission would be prejudiced such that the party could not maintain or defend the action on its merits, then the motion to withdraw the admission cannot be granted.  Fed. R. Civ. P. 36(b).  The second prong inquiry should focus on the prejudice that the non-moving party would face at trial. Conlon, 474 at 623.  In this instance, the Court finds that Defendants would not be prejudiced in defending this action on the merits if the admissions are withdrawn.  This matter has not proceeded to trial, and no dispositive motions have been decided.  Accordingly, Defendants' motion to compel regarding the requests for admissions shall be denied.

**2.  Interrogatories**

Defendants move to compel further responses to the following interrogatories:  (1) Defendant Aguirre's Interrogatories, Set One, Interrogatory 2; and (2) Defendant Masiel's Interrogatories, Set One, Interrogatories 1-3, 7-8, 16- 22.

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing.  Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R.

4

Civ. P. 33, 26(b)(1).  The responding party is to answer each interrogatory fully, to the extent that it is not objected to, Fed. R. Civ. P. 33(b)(3), and any objection must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made.  Evans v. Tilton, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010).

Defendant Aguirre's Interrogatories, Set One, Interrogatory No. 2

**Interrogatory No 2**:  If your response to Defendants' Request for Admission 2, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:  Document(s) responsive to this interrogatory are attached as exhibit 1.

**Discussion**:  Defendants explain that request for admission number 2 requested that Plaintiff "[a]dmit that on November 9, 2007, you were serving a twenty-five-years to life prison sentence for a 2000 felony conviction."  Defendants assert that Plaintiff denied the request for admission and failed to assert facts to support his denial in response the interrogatory.  Based on Plaintiff's failure to state any facts to support his denial of the admission, Defendants' motion to compel a further response is GRANTED.

Defendant Masiel's Interrogatories, Set One

**Interrogatory No. 1**:  If you contend that Defendant Masiel retaliated against you on November 9, 2007 because of previous "602" prison grievances you submitted, as stated in your complaint at paragraph 28, state all facts in support of your contention (including identifying the log number, date of submission, to whom the grievance was submitted and by what method, subject matter of the grievance and individual you complained about, and the disposition of the grievance as to each grievance you contend caused Masiel to retaliate against you).

**Response**:  Plaintiff objects to this interrogatory on the basis that it calls for Plaintiff to guess whom the grievance was submitted and by what method. Without waiving said objections Plaintiff submits Attachment(s) 1 through   .

**Interrogatory No. 2**:  If you contend that Defendant Aguirre retaliated against you on November 9, 2007 because of previous "602" prison grievances you submitted, as stated in your complaint at paragraph 28, state all facts in support of your contention (including identifying the log number, date of submission, to whom the grievance was submitted and by what method, subject matter of the grievance and individual you complained about, and the disposition of the grievance as to each grievance you contend caused Aguirre to retaliate against you).

**Response**:  Plaintiff objects to this interrogatory on the basis that it calls for Plaintiff to guess whom the grievance was submitted and by what method. Without waiving said objections Plaintiff submits Attachment(s) through  .

**Interrogatory No. 3**:  If you contend that Defendant Jung-Hernandez retaliated against you on November 9, 2007 because of previous "602" prison grievances you submitted, as stated in your complaint at paragraph 28, state all facts in support of your contention (including identifying the log number, date of submission, to whom the grievance was submitted and by what method, subject matter of the grievance and individual you complained about, and the disposition of the grievance as to each grievance you contend caused Jung-Hernandez to retaliate against you).

**Response**:  Plaintiff objects to this interrogatory on the basis that it calls for Plaintiff to guess whom the grievance was submitted and by what method. Without waiving said objections Plaintiff submits attachment(s) through  .

**Discussion:**  Plaintiff's responses to interrogatories 1 through 3 are incomplete because Plaintiff did not identify any attachments and did not identify all the facts that support his contentions. Further, Plaintiff's objections are improper because he is the only person that would be able to attest to how and to whom he submitted his 602 grievances.  Accordingly, Defendants' motion to compel further responses to interrogatories 1 through 3 is GRANTED.

**Interrogatory No. 7**:  State all facts in support of your contention that Defendant Masiel knew about your accommodation chrono, as alleged in your complaint at paragraph 12.

**Response**:  Defendant Masiel was responsible for making entries in Plaintiff's CDCR 114 folder on a daily basis. Thus, read the documents in it. Including but not limited to my accommodation chronos.

**Interrogatory No. 8**:  State all facts in support of your contention that Defendant Aguirre knew about your accommodation chrono, as alleged in your complaint at paragraph 12.

**Response**:  Defendant Aguirre was responsible for making entries in Plaintiff's CDCR 114 folder on a daily basis. Thus, read the documents in it. Including but not limited to my accommodation chronos.

**Discussion**:  Plaintiff did not state facts in response to Interrogatories 7 and 8.  At best, Plaintiff's response is speculation regarding whether or not Defendants Masiel and Aguirre reviewed his CDCR 114 folder and whether or not his CDCR 114 folder contained any chromos.  Accordingly, Defendants' motion to compel further responses to interrogatories 7 and 8 is GRANTED.

**Interrogatory No. 16**:  If you contend that you sustained an actual injury as a direct result of Masiel's alleged actions on November 9, 2007, identify each injury you sustained. Include in your response what medical attention, if any, you required, requested, and received as a result of your 'unnecessary recurring/persistent physical pain.'

**Response**:  Plaintiff objects to this interrogatory on the basis that it is compound and seeks information that is not reasonably calculated to lead to admissible evidence. Without waiving said objections Plaintiff responds as follows. Plaintiff is waiting for CSP-Corcoran medical records office to provide medical records responsive to this interrogatory. As soon as such information is relinquished to me I will serve a supplemental response to this interrogatory.

**Interrogatory No. 17**:  If you contend that you sustained an actual injury as a direct result of Aguirre's alleged actions on November 9, 2007, identify each injury you sustained. Include in your response what medical attention, if any, you required, requested, and received as a result of your 'unnecessary recurring/persistent physical pain.'

**Response**:  Plaintiff objects to this interrogatory on the basis that it is compound and seeks information that is not reasonably calculated to lead to admissible evidence. Without waiving said objections Plaintiff responds as follows. Plaintiff is waiting for CSP-Corcoran medical records office to provide medical records responsive to this interrogatory. As soon as such information is relinquished to me I will serve a supplemental response to this interrogatory.

**Interrogatory No. 18**:  If you contend that you sustained an actual injury as a direct result of Jung-Hernandez' alleged actions on November 9, 2007, identify each injury you sustained. Include in your response what medical attention, if any, you required, requested, and received as a result of your 'unnecessary recurring/persistent physical pain.'

**Response**:  Plaintiff objects to this interrogatory on the basis that it is compound and seeks information that is not reasonably calculated to lead to admissible evidence. Without waiving said objections Plaintiff responds as follows. Plaintiff is waiting for CSP-Corcoran medical records office to provide medical records responsive to this interrogatory. As soon as such information is relinquished to me I will serve a supplemental response to this interrogatory.

**Interrogatory No. 19**:  State all facts surrounding your allegation that you suffered "unnecessary recurring/persistent mental and emotional pain" as a direct result of Masiel's alleged actions on November 9, 2007. Include in your response what medical attention, if any, you required, requested, and received as a result of your 'mental and emotional pain.'

**Response**:  Plaintiff objects to this interrogatory on the basis that it is compound and seeks information that is not reasonably calculated to lead to admissible evidence.  Without waiving said objections Plaintiff responds as follows.  Plaintiff is wait[ing] for CSP-Corcoran medical records office to provide medical records responsive to this interrogatory.  As soon as such information is relinquished to me I will serve a supplemental response to this interrogatory.

**Interrogatory No. 20**:  State all facts surrounding your allegation that you suffered "unnecessary recurring/persistent mental and emotional pain" as a direct result of Aguirre's

alleged actions on November 9, 2007. Include in your response what medical attention, if any, you required, requested, and received as a result of your 'mental and emotional pain.'

**Response**:  Plaintiff objects to this interrogatory on the basis that it is compound and seeks information that is not reasonably calculated to lead to admissible evidence. Without waiving said objections Plaintiff responds as follows. Plaintiff is waiting for CSP-Corcoran medical records office to provide medical records responsive to this interrogatory. As soon as such information is relinquished to me I will serve a supplemental response to this interrogatory.

**Interrogatory No. 21**:  State all facts surrounding your allegation that you suffered "unnecessary recurring/persistent mental and emotional pain" as a direct result of Jung-Hernandez' alleged actions on November 9, 2007. Include in your response what medical attention, if any, you required, requested, and received as a result of your 'mental and emotional pain.'

**Response**:  Plaintiff objects to this interrogatory on the basis that it is compound and seeks information that is not reasonably calculated to lead to admissible evidence. Without waiving said objections Plaintiff responds as follows. Plaintiff is waiting for CSP-Corcoran medical records office to provide medical records responsive to this interrogatory. As soon as such information is relinquished to me I will serve a supplemental response to this interrogatory.

**Interrogatory No. 22**:  Identify all health care providers that you contend informed you or concluded that your 'unnecessary recurring/persistent physical/mental and emotional pain' was caused by Defendants' actions on November 9, 2007.

**Response**:  Plaintiff objects to this interrogatory on the basis that it is compound and seeks information that is not reasonably calculated to lead to admissible evidence. Without waiving said objections Plaintiff responds as follows. Plaintiff is waiting for CSP-Corcoran medical records office to provide medical records responsive to this interrogatory. As soon as such information is relinquished to me I will serve a supplemental response to this interrogatory.

**Discussion:**  Defendants' contend that Plaintiff's responses to these interrogatories are incomplete and evasive.  Defendants fault Plaintiff for failing to obtain documents in the four months between service of the interrogatories and Plaintiff's response.  Defendants also note that Plaintiff failed to verify his responses under oath.

The Court finds that Plaintiff's objections to the interrogatories are unsupported.  The requests are not compound as they each relate to a single contention.  Further, the interrogatories seek information relevant to Plaintiff's claims of mental and emotional pain suffered as a direct result of Defendants' actions.   Fed. R. Evid. 401(a).  The Court also finds that Plaintiff's response is incomplete because it does not provide any facts responsive to the interrogatories.  Plaintiff's purported inability to obtain documents does not relieve him of his obligation to answer each

interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  Accordingly,

Defendants' motion to compel further responses to interrogatories 16 through 22 is GRANTED.

### 3.  Requests for Production of Documents

In responding to requests for production, Plaintiff must produce documents or other tangible

things which are in his "possession, custody, or control."  Fed. R. Civ. P. 34(a).  Responses must either

state that inspection and related activities will be permitted as requested or state an objection to the

request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a

document in the possession of a non-party entity if that party has a legal right to obtain the document

or has control over the entity [that] is in possession of the document."  Soto v. City of Concord, 162

F.R.D. 603, 619 (N.D. Cal.1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan.

30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual

possession, custody, or control thereof or the legal right to obtain the property on demand.").

> **Request for Production No. 4**:  All documentation (as defined in Federal Rule of Civil Procedure 34(a)(1)) of the medical attention you received as a result of your 'unnecessary recurring/persistent physical pain' that you identify in your response to Defendant Masiel's Interrogatory 16.
>
> **Response**:  Plaintiff objects to this request for production on the basis that it seeks document(s) which are equally available to Defendant. Without waiving said objections Plaintiff responds as follows. I am waiting for the CSP-Corcoran medical records office to provide me with medical records responsive to this request for production.  As soon as such documents are relinquished to me I will serve a supplemental response to this request for production.
>
> **Request for Production No. 5**:  All documentation (as defined in Federal Rule of Civil Procedure 34(a)(1)) of the medical attention you received as a result of your 'unnecessary recurring/persistent physical pain' that you identify in your response to Defendant Masiel's Interrogatory 17.
>
> **Response**:  Plaintiff objects to this request for production on the basis that it seeks document(s) which are equally available to Defendant. Without waiving said objections Plaintiff responds as follows. I am waiting for the CSP-Corcoran medical records office to provide me with medical records responsive to this request for production. As soon as such documents are relinquished to me I will serve a supplemental response to this request for production.
>
> **Request for Production No. 6**:  All documentation (as defined in Federal Rule of Civil Procedure 34(a)(1)) of the medical attention you received as a result of your 'unnecessary

recurring/persistent physical pain' that you identify in your response to Defendant Masiel's Interrogatory 18.

**Response**:  Plaintiff objects to this request for production on the basis that it seeks document(s) which are equally available to Defendant. Without waiving said objections Plaintiff responds as follows. I am waiting for the CSP-Corcoran medical records office to provide me with medical records responsive to this request for production. As soon as such documents are relinquished to me I will serve a supplemental response to this request for production.

**Request for Production No. 7**:  All documentation (as defined in Federal Rule of Civil Procedure 34(a)(1)) of the medical attention you received as a result of your 'mental and emotional pain' that you identify in your response to Defendant Masiel's Interrogatory 19.

**Response**:  Plaintiff objects to this request for production on the basis that it seeks document(s) which are equally available to Defendant. Without waiving said objections Plaintiff responds as follows. I am waiting for the CSP-Corcoran medical records office to provide me with medical records responsive to this request for production.  As soon as such documents are relinquished to me I will serve a supplemental response to this request for production.

**Request for Production No. 8**:  All documentation (as defined in Federal Rule of Civil Procedure 34(a)(1)) of the medical attention you received as a result of your 'mental and emotional pain' that you identify in your response to Defendant Masiel's Interrogatory 20.

**Response**:  Plaintiff objects to this request for production on the basis that it seeks document(s) which are equally available to Defendant. Without waiving said objections Plaintiff responds as follows. I am waiting for the CSP-Corcoran medical records office to provide me with medical records responsive to this request for production. As soon as such documents are relinquished to me I will serve a supplemental response to this request for production.

**Request for Production No. 9**:  All documentation (as defined in Federal Rule of Civil Procedure 34(a)(1)) of the medical attention you received as a result of your 'mental and emotional pain' that you identify in your response to Defendant Masiel's Interrogatory 21.

**Response**: Plaintiff objects to this request for production on the basis that it seeks document(s) which are equally available to Defendant. Without waiving said objections Plaintiff responds as follows. I am waiting for the CSP-Corcoran medical records office to provide me with medical records responsive to this request for production. As soon as such documents are relinquished to me I will serve a supplemental response to this request for production.

**Request for Production No. 10**: The comprehensive accommodation chrono authorizing you to have two extra pillows, as you contend in your complaint at paragraph 12.
**Response**:  Plaintiff objects to this request for production on the basis that it seeks document(s) which are equally available to Defendant. Without waiving said objections Plaintiff responds as follows. I am waiting for the CSP-Corcoran medical records office to provide me with medical records responsive to this request for production. As soon as such documents are relinquished to me I will serve a supplemental response to this request for production.

**Discussion**:  There is no indication that Plaintiff's medical records are equally available to the individual defendants in this action.  The CDCR is not a party to this litigation.  Further, as discussed above, Plaintiff has had more than four months to produce the requested documents.  Accordingly, Defendants' motion to compel further responses to requests for production 4 through 10 is GRANTED.

## IV.     Conclusion and Order

Based on the above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion for an order directing CDCR/CSP-Corcoran Medical Records Office to provide Plaintiff with a copy of his medical records material to this action and for an order deferring any ruling on the pending motion to compel is DENIED;

2.  Defendants' motion to compel further responses to discovery, filed on December 2, 2013, is GRANTED IN PART and DENIED IN PART as follows:

    a.  Defendants' motion to compel regarding their Requests for Admission is DENIED;

    b.  Defendants' motion to compel a further response to Defendant Aguirre's Interrogatories, Set One, Interrogatory No. 2, is GRANTED;

    c.  Defendants' motion to compel further responses to Defendant Masiel's Interrogatories, Set One, Interrogatories Nos. 1-3, 7-8, and 16-22, is GRANTED.

    d.  Defendants' motion to compel further responses to Defendants' Request for Production of Documents, Set One, Requests for Production Nos. 4-10, is GRANTED;

3.  Plaintiff shall serve supplemental responses as directed above within thirty (30) days of the date of this order;

4.  If Plaintiff has not yet obtained his medical records from the prison medical records office, then Plaintiff should utilize the available prison procedures to access his medical records and obtain copies; and

///
///
///

11

1    5.   The parties are reminded of their continuing obligation to timely supplement their

2         discovery responses.  Fed. R. Civ. P. 26(e).

3

4  IT IS SO ORDERED.

5    Dated:   **February 4, 2014**                    /s/ *Barbara A. McAuliffe*

6                                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28